Welch, J.
In our judgment, the act of May 3d, 1852, in so far as it authorizes assessments against stockholders who have paid the full amount of their subscriptions, and who by the charter of the company, or the laws under which it was organized, were not individually liable for its debts, is unconstitutional. It impairs the validity of the contract *372 between tbe company and tbe stockholder. In a contract between the company and a stockholder, or in an action by the former, or its creditors, against the latter, the stockholder is to be regarded as an individual person, separate and distinct from the corporation. He becomes a stockholder by virtue of a contract with the company, and he has a right to stand upon the terms of that contract, interpreted and limited by the laws under which it was made. By his contract with this company Ireland agreed to pay a specified sum, and no more. This sum he has fully paid, and to require him to contribute an additional amount, would be to violate the contract between the parties, let it be understood that the amount for which a stockholder becomes liable to the company by his subscription is not limited by his contract, but by the discretion of the directors, or the stockholders at large, and no prudent man will- subscribe for stock in a corporation. If such be the law5, it is of little importance to the subscriber whether the amount of stock taken be large or small, because it can be indefinitely increased at the pleasure of the company, whenever the legislature sees proper to give the power to do so. If a subscriber contracts to pay a sum which he deems within his means of payment, he may be called upon to contribute an amount utterly beyond those means, and which may render him bankrupt. No subscriber would be safe under such a law, or have any rule by which to determine the amount of stock he could afford to take. In vain would he look to the charter of the company, or to the provisions of the constitution and subsisting .laws of 'the State, to learn the nature and extent of the liability he was about to incur, if that liability can, at the pleasure of the legislature, be indefinitely increased or modified by retroactive laws.
Counsel insist that a contrary doctrine is declared, and the constitutionality of this provision of the statute affirmed, in the case of the same company v. Wooden, 13 Ohio St. 395. We do not so understand the decision in that case. The question of the constitutionality of the law was there made and argued by counsel, but it was not decided by the *373 court. The point decided, and upon which the whole case was disposed of, regarded the construction of the statute, and not its constitutionality. This was as it should be. An act of the legislature should never be declared unconstitutional where the case can be disposed of upon other tenable grounds. The syllabus in that case might have been otherwise worded, so as not to be hable, as it really is, to the implication that the act in question was held to be constitutional. It would, perhaps, have been better if the syllabus had said, that under the act the stockholders were not individually liable for the amount of the old debt, and that the court left the question of their liability for the cost of construction undetermined; instead of saying, as the court did, that they were liable “only” for the former. Nevertheless, it is strictly true that the court did not adjudge the stockholders individually liable in any amount, and left the question of the constitutionality of the act wholly undetermined. In the present case, the question cannot be evaded, and we are unanimous in holding, as above indicated, that the assessment cannot be enforced for either amount.
We fully agree with counsel, that the stockholder may waive his constitutional. right, and become liable by his own act or consent. For this purpose, it is not even necessary he should give his express or direct consent. It may be implied or he may be estopped from denying it by his acts or by his silence and apparent acquiescence. The case of Zabreskie v. C. C. & C: R. R. Co., 23 Howard (U. S.) R. 381, and other authorities cited by counsel, fully establish this. But there is nothing in the present ease, either in the company’s petition or in the bill of exceptions, to show any such assent or acquiescence on the part of Ireland. He is not shown to have been present at the meeting of the directors, when the bonds were ordered to be issued, nor at -the meeting of the stockholders, when the assessment was made. We cannot presume his assent to these proceedings, or his acquiescence in them, from the mere fact that they took place. The burden of showing' such assent or acquiescence rests with the *374 company, or other party seeking to hold him. liable, or to estop him from denying his liability. Nor was this, in our judgment, a matter as to which the directors, or even a majority of the stockholders, were authorized by law to act for him. The power of a corporation over the rights of a stockholder, whether that power is to be exercised by the directors or by a majority of the stockholders, is limited to his rights in the corporate property and corporate concerns, and does not extend to his private and individual property. As to the latter, the stockholder gives the company no authority whatever beyond the amount of his subscription, and no subsequent legislative grant of such power will be valid without his assent. This distinction, between the private and the corporate rights of the stockholder, should never be lost sight of in construing the authorities on this subject; and its application will go far to reconcile many of those which appear to be conflicting. It will be observed that in the case cited in 23 Howard, and in fact in all the authorities relied on by counsel for defendant in error, the new power sought to be exercised was confined to the assets and property of the corporation. Ey becoming a member, the stockholder places' a specified amount of his private property in the common fund, and subjects it to the control of the company, according to its laws and regulations; but he grants no power whatever over the remainder of his private property, which is wholly unaffected thereby. As to the latter, the company has no more authority than it has over the property or rights of a stranger. I apprehend the true rule in such cases to be, that the power of a majority of the members to accept an amendment of the charter, so as to bind the minority, is confined to such modifications of the charter as are reasonably within the original objects of the incorporation, and as regard the corporate property, and that in all other cases the stockholders can only be bound by their individual assent or acquiescence.
We are of opinion that the court of common pleas erred in rendering judgment for plaintiff below upon the case made *375 in tbe petition and the facts appearing in the bill of exceptions, and that the judgment must be reversed.
Brinkerhoff, C.J., and Scott, White, and Day, JJ., concurred.